IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 111,055

STATE OF KANSAS,
*Appellee*,

v.

DAVID KILPATRICK,
*Appellant.*

SYLLABUS BY THE COURT

The definition of an illegal sentence does not include a claim that the sentence violates a constitutional provision, and a defendant's motion to correct an illegal sentence based on constitutional challenges to his or her sentence will fail as a matter of law.

Review of the judgment of the Court of Appeals in an unpublished opinion filed March 6, 2015. Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed August 11, 2017. Judgment of the Court of Appeals affirming in part, reversing in part, and remanding to the district court is affirmed. Judgment of the district court is affirmed.

*Johnathan M. Grube*, of Kansas Appellate Defender Office, and *Clayton J. Perkins*, of the same office, were on the briefs for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.: In June 2012, a district court convicted David Kilpatrick of one count of failing to register as required by the Kansas Offender Registration Act (KORA),

1

K.S.A. 22-4901 *et seq.* Kilpatrick's registration requirement stems from a 2006 felony drug conviction for possession of precursors with the intent to manufacture a controlled substance. In 2006, KORA did not require drug offenders to register. See K.S.A. 2005 Supp. 22-4902. Beginning July 1, 2007, the legislature added certain drug offenders to KORA. See L. 2007, ch. 183, § 1. As a result of the change, Kilpatrick was required to register as a drug offender, and he was informed of his duty to register when he was released from prison in 2008. See K.S.A. 22-4902(a)(11)(B) (defining a "drug offender" as "any person who has been convicted of: . . . possession of ephedrine, pseudoephedrine, . . . [or] lithium metal . . . with intent to use the product to manufacture a controlled substance").

Following his 2012 conviction for failing to register, the district court placed Kilpatrick on 36 months' supervised probation with community corrections. Approximately one year later, the State moved to revoke Kilpatrick's probation. Prior to the revocation hearing, Kilpatrick filed a motion to correct his underlying 2012 sentence. He argued that because he had not been required to register at the time of his drug conviction, his subsequent 2012 sentence was illegal because the retroactive imposition of registration requirements ran afoul of the Ex Post Facto Clause of the United States Constitution. He further argued that the district court had no jurisdiction to convict and sentence him for violating a law that could not be constitutionally applied to him. The State responded by arguing that (1) KORA's provisions are not punishment, so they can be applied retroactively; and (2) Kilpatrick waived all jurisdictional attacks on his conviction because he did not raise them during the pendency of his case. The district court denied the motion by "agree[ing] with the State's cited cases." The court denied Kilpatrick's motion to reconsider, revoked his probation, and remanded him to prison.

The Court of Appeals affirmed the district court's denial of the motion to correct illegal sentence. *State v. Kilpatrick*, No. 111,055, 2015 WL 1123021, at *5 (Kan. App. 2015) (unpublished opinion). However, it held that the district court did not sufficiently articulate how a sanction—as opposed to imprisonment—would jeopardize public safety or fail to serve Kilpatrick, as required by K.S.A. 2013 Supp. 22-3716(c)(9). 2015 WL 1123021, at *7. Kilpatrick petitioned this court for a limited review of the Court of Appeals' decision regarding his registration requirement—a request we granted.

Our recent decisions in *State v. Wood*, 306 Kan. 283, 393 P.3d 631 (2017), and *State v. Reese*, 306 Kan. 279, 393 P.3d 599 (2017), resolve Kilpatrick's appeal. There, we first held that courts have jurisdiction to entertain motions to correct illegal sentences at any time. We then held that the definition of an illegal sentence does not include a sentence that allegedly violates a constitutional provision. *Wood*, 306 Kan. at 284-85; *Reese*, 306 Kan. at 281.

Thus, according to our holdings in *Wood* and *Reese*, the lower courts had jurisdiction to hear and consider Kilpatrick's motion as a motion to correct an illegal sentence made pursuant to K.S.A. 22-3504. But that motion advanced no meritorious argument demonstrating Kilpatrick's sentence was illegal, so his claim fails on the merits. Thus, we affirm the district court's decision denying Kilpatrick's motion to correct, albeit for different reasons. See *State v. Williams*, 303 Kan. 585, 595, 363 P.3d 1101 (2016) (affirming judgment as right for the wrong reason).

Affirmed.

3